UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA CIVIL LIBERTIES UNION, *et al.* | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:00-cv-00811-SEB-VSS ) |
| MIKE BRAUN, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MOTION FOR RELIEF FROM**
**THE FINAL JUDGMENT AND PERMANENT INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 60(b)(5), Defendant Mike Braun respectfully requests that the Court vacate the permanent injunction and modify its final judgment, Dkt. 52, for the reasons below and more fully described in the accompanying brief.

In 2002, this Court permanently enjoined the Governor of Indiana from "taking any steps to erect, on the grounds of the Indiana Statehouse," a proposed monument that depicts the Ten Commandments, Bill of Rights, and preamble to the Indiana Constitution. Dkt. 52. The Court entered the injunction only after the Seventh Circuit held that similarly situated plaintiffs had standing to challenge the placement of such monuments and this monument's placement would violate the Establishment Clause principles laid down in *Lemon v. Kurtzman*, 403 U.S. 602 (1971).

Not long ago, however, the Supreme Court announced that *Lemon* has been "abrogated" and that Establishment Clause claims instead must be evaluated based on history and tradition. *Groff v. DeJoy*, 600 U.S. 447, 460 (2023); *see Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 534 (2022). Viewed through the lens of this Nation's history and traditions, erecting the monument raises no Establishment Clause concerns. *See Am. Legion v. Am. Humanist Ass'n*, 588 U.S. 29, 53

1

(2019); *Van Orden v. Perry*, 545 U.S. 677, 686–90 (2005) (plurality op.). That substantial change in law renders it improper to maintain the injunction.

Substantial changes in standing doctrine provide a second, independent reason for vacating the injunction. At the time this Court entered final judgment, Seventh Circuit precedent stated that plaintiffs, who alleged they would come into unwelcome contact with a monument inscribed with the Ten Commandments, had standing to assert Establishment Clause claims. That precedent, however, was inexorably intertwined with *Lemon*. Now that *Lemon* is no longer good law, there is no longer any basis for holding that an offended observer has standing to bring an Establishment Clause claim. That, too, makes relief from the final judgment proper.

Continuing to enforce the injunction in the absence of a substantial federal claim would contravene binding precedent, harm the public interest, and raise serious federalism concerns. The Court therefore should vacate the injunction and modify the final judgment accordingly.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

/s/ James A. Barta
JAMES A. BARTA

Office of the Attorney General
Indiana Government Center-South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Telephone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon counsel who are registered CM/ECF users.

I also certify that on December 29, 2025, a copy of the foregoing was served upon the following persons by U.S. Mail and a courtesy copy was provided by email to the same:

>Kenneth J. Falk
>ACLU of Indiana
>1031 E. Washington St.
>Indianapolis, IN 46202
>kfalk@aclu-in.org
>
>*Counsel for the Indiana Civil Liberties Union*

                                               /s/ James A. Barta
                                               James A. Barta
                                               Solicitor General

Office of the Attorney General
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Telephone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov