UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

INDIANA CIVIL LIBERTIES UNION, *et al.*,    )
    )
    Plaintiffs,    )
    )
    v.    )    No. 1:00-cv-00811-SEB-MKK
    )
MIKE BRAUN,    )
    )
    Defendant.    )

**Response in Opposition to Motion to Proceed as Amicus Curiae**

On January 21, 2026, more than 20 days after Governor Braun ("the State") filed his motion for relief from judgment in this case (Dkt. 59), the Fraternal Order of Eagles filed its Motion for Leave to File Brief of Amicus Curiae (Dkt. 59), along with a proposed memorandum of law (Dkt. 59-1). The plaintiffs[1] object to this filing and request that the motion be denied. In the event that the motion is granted, the plaintiffs request that they be allowed seven days to respond to the amicus memorandum. In support of this motion the plaintiffs say that:

1.    Unlike the Federal Rules of Appellate Procedure, which explicitly set out the procedure for filing an amicus brief, *see* Fed. R. App. P. 29, there is no rule governing amicus filings in the district court. However, this Court has noted that "[u]pon the rare

---

[1]    In this memorandum the term "plaintiffs" refer to all remaining plaintiffs in this case, with the exception of Stephen Schroeder.

[1]

occasion of such participation on the district court level, courts look to the principles used in implementing Rule 29 of the Federal Rules of Appellate Procedure." *Busenbark v. Panhandle Eastern Pipe Line Co.*, No. 1:13-cv-01663-WTL-MJD, 2014 WL 5509283, at *2 (S.D. Ind. Oct. 31, 2024) (citation omitted).

2.      The Seventh Circuit has held that whether to permit an amicus curiae brief is "a matter of judicial grace." *National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000).

3.      The ultimate question in deciding whether to allow the filing is "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F. 3d 542, 545 (7th Cir. 2003) (Posner, J., in chambers). Therefore, an amicus brief will be allowed

> only when (1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do.

*National Organization for Women*, 223 F.3d at 617. This standard has been adopted by this Court. *See, e.g., E.D. v. Noblesville Sch. Dist.*, No. 1:21-cv-03075-SEB-MPB, 2022 WL 22918961, at *1 (S.D. Ind. May 24, 2022); *Monarch Beverage Co. v. Johnson*, No. 1:13-cv-01674-WTL-MJD, 2014 WL7063019, at *1 (S.D. Ind. Dec. 11, 2014); *Busenbark*, 2014 WL 5509283, at *2.

4.      The State is obviously adequately represented in this case and the Fraternal Order of Eagles does not claim to have a direct interest in another action that would be affected by this case. Nor does the Fraternal Order of Eagles have unique or special information that can assist this Court beyond that which the State can provide.

5.      The issue in this case is whether Federal Rule of Civil Procedure 60(b)(5) is capacious enough to allow for relief from the nearly quarter-century old final judgment in this case. The proposed amicus does not address this at all.

6.      Instead, the proposed amicus devotes its proposed memorandum to arguing that Establishment Clause jurisprudence has changed since this Court's judgment and that a history-and-tradition analysis compels a conclusion that placing a Ten Commandments monument on the Statehouse property is constitutional. This argument is merely a duplicate of the State's argument and, inasmuch as the Ten Commandments monument that the State seeks to erect on the Statehouse grounds is not an "Eagles Monument," the proposed amicus does not seek to provide a unique perspective or unique information. "[A] brief that presents a few new citations and slightly more analysis but essentially covers the same ground as the parties' briefs is not sufficiently unique to meet the Seventh Circuit standard." *Monarch Beverage*, 2014 WL 7063019, at *1.

7.      As Judge Posner noted concerning an amicus request in an appeal, "judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the

[3]

appeal." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (Posner, C.J., in chambers).

8.      Therefore, it is the Seventh Circuit's policy "never to grant permission to file an amicus curiae brief that essentially merely duplicates the briefs of one of the parties." *National Organization for Women*, 223 F.3d at 617. The proposed amicus brief adds nothing unique to the presentation of the arguments in this case.

9.      The amicus's "proposed contribution is unnecessary at this juncture," and the motion should be denied. *Village of Elm Grove v. Py*, 724 F. Supp. 612, 613 (E.D. Wis. 1989).

10.     In the event that this Court chooses to allow the proposed filing of the amicus, the plaintiffs request that they be allowed seven days to respond to it.

WHEREFORE, plaintiffs request that this Court:

a.      deny the Motion for Leave to File Brief of Amicus Curiae by the Fraternal Order of Eagles;

b.      allow plaintiffs seven days to respond to the motion in the event that this Court grants the motion;

c.      award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
Joshua T. Bleisch
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105

[4]

kfalk@aclu-in.org
spactor@aclu-in.org
jbleisch@aclu-in.org

Attorneys for all Plaintiffs with the exception of Stephen Schroeder

## Certificate of Service

I certify that a copy of the foregoing was served on this 26th day of January 2026 through the Court's case management/electronic case filing system.

I also certify that a copy was served via electronic mail, with his permission, on this 26th day of January 2026 on:

Stephen Schroeder
112 S. Beatty St.
Columbus, IN 47201
Protestantsseparatist.ss@gmail.com

Kenneth J. Falk
Attorney at Law

[5]