UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

INDIANA CIVIL LIBERTIES UNION, *et al.*,        )
                                                )
                     Plaintiffs,                )
                                                )
          v.                                    )        No. 1:00-cv-00811-SEB-MKK
                                                )
MIKE BRAUN,                                     )
                                                )
                     Defendant.                 )

**Response of Plaintiffs Represented by the ACLU of Indiana to Defendant's Motion
for Leave to File Notice of Supplemental Authority**

The plaintiffs represented in this case by the ACLU of Indiana, by their counsel,
file this response to Governor Braun's Motion for Leave to File Notice of Supplemental
Authority (Dkt. 90).

1.      Inasmuch as this Court can review all authorities, including those issued after
briefing in a case has concluded, plaintiffs can have no objection to this Court considering
the supplemental authority noted by the Governor, *Nathan v. Alamo Heights Indep. Sch.
Dist.*, No. 25-50695, 2026 WL 1078691 (5th Cir. Apr. 21, 2026) (en banc), to the extent that
the Court believes that an out-of-circuit case in which the court split 8-7 is relevant.

2.      Plaintiffs would note, however, that:

        a.      The *Nathan* case does not justify or excuse the Governor's delay in filing
        the motion for relief from judgment and therefore does not alter the fact that the

motion has not been made "within a reasonable time" as required by Fed. R. Civ. P. 60(c)(1). (Dkt. 80 at 9-13).

b.      Although a concurrence in the *Nathan* case did question plaintiffs' standing insofar as it is predicated on what Governor Braun has termed the "offended observer" theory. *Nathan*, 2026 WL 1078691, at *27 (Oldham, J., concurring) (*see* Dkt. 60 at 16), the majority did not rule on the question. *Nathan*, 2026 WL 1078691, at *4-*5. The case therefore offers nothing pertinent regarding standing, as the law in this Circuit remains that, in Establishment Clause cases, those who are forced to confront objected-to religious displays have standing to challenge the constitutionality of the displays. *See Woodring  v. Jackson Cty., Ind.*, 986 F.3d 979, 986 (7th Cir. 2021).

WHEREFORE, the plaintiffs represented by the ACLU of Indiana file their response to Governor Braun's Motion for Leave to File Notice of Supplemental Authority and request all other proper relief

Kenneth J. Falk
Stevie J. Pactor
Joshua T. Bleisch
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105

[2]

kfalk@aclu-in.org
spactor@aclu-in.org
jbleisch@aclu-in.org

Attorneys for all Plaintiff with
the Exception of Stephen Schroeder