UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA CIVIL LIBERTIES UNION, INC., INDIANA CIVIL LIBERTIES UNION FOUNDATION, INC., together d/b/a the American Civil Liberties Union of Indiana; JAMES A. TANFORD; REV. KEVIN ARMSTRONG; PATRICE MUUMBA ABDUALLAH, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:00-cv-00811-SEB-MKK |
| MIKE BRAUN, in his official capacity as the Governor of the State of Indiana, | ) | |
| Defendant. | ) | |

**Amended Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. In 2000, then-Governor O'Bannon announced that he was going to be placing on the lawn of the Indiana Statehouse a large limestone monument inscribed with, among other things, a version of the Ten Commandments. This newly created monument was never placed at the Statehouse because this Court entered a preliminary injunction, affirmed by the Seventh Circuit, and then a final judgment and permanent injunction preventing the placement as violative of the First Amendment. The monument has sat in front of a church in Bedford, Indiana for more than two decades.

2. Governor Braun has now announced that he is planning to move the monument from its long-standing placement on private property to the Statehouse lawn. Although Establishment Clause jurisprudence has certainly changed since the early years of this century, this planned placement of a new Ten Commandments monument still violates the First Amendment's Establishment Clause. The plaintiffs are therefore entitled to declaratory relief and a continuation of the permanent injunction preventing the monument's erection at the Statehouse.

**Jurisdiction, venue, and cause of action**

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the United States Constitution.

**Parties**

7. The Indiana Civil Liberties Union, Inc. and the Indiana Civil Liberties Union Foundation, Inc., are two Indiana nonprofit corporations, housed in Indianapolis, which are known popularly as the American Civil Liberties Union of Indiana or the ACLU of Indiana and will be referred to in this complaint as the ACLU of Indiana.

8. James A. Tanford is an adult resident of Bloomington, Indiana.

9. Rev. Kevin Armstrong is an adult resident of the Indianapolis, Indiana.

10. Patrice Muumba Abduallah is an adult resident of Indianapolis, Indiana.

11. Mike Braun is the duly elected Governor of the State of Indiana and is sued in his official capacity.

**Facts**

12. Indianapolis is the capital of the State of Indiana.

13. The Indiana Statehouse is the seat of the government of the State and contains the offices of the Governor and other members of the Executive Branch, the Indiana General Assembly, and the Indiana Supreme Court and Court of Appeals.

14. The Statehouse is located in downtown Indianapolis on a plot of land that stretches between Washington and Ohio Streets in a North-South direction and between Capitol and Senate Avenues in an East-West direction.

15. On the plot of land there is a lawn area that stretches from the south entrance of the Statehouse to Washington Street.

16. This lawn area measures 1.93 acres.

17. The Statehouse and its grounds are public property owned and controlled by the State of Indiana.

18. Washington Street is U.S. Highway 40, a major east-west highway that stretches across Indianapolis.

19. In March of 2000, then-Governor O'Bannon announced that around July 1, 2000, the State of Indiana would place a limestone monument containing, among other things, a version of the Ten Commandments, in the western part of the lawn area described above, near Senate Avenue.

20. The monument was to be donated to the State of Indiana by the Indiana Limestone Institute, which created the monument.

21. A prior Ten Commandments monument had been placed on the Statehouse grounds from 1958 to 1991, when it was vandalized, toppled, and not replaced.

22. The earlier monument was given to the State of Indiana by the Fraternal Order of Eagles as part of a national campaign. After it was repaired it was placed at the Eagles Lodge in Anderson, Indiana.

23. The monument was designed by the Indiana Limestone Institute and was constructed, although it was never placed on the Statehouse grounds.

24. Including its base, the monument is seven feet tall, rectangular in shape, with two large sides and two smaller ones. It is six feet and seven inches wide at its widest point and is more than four feet deep.

25. The monument is shaped in the familiar tablet shape that is frequently used for representations of the Ten Commandments.

26. The monument, with its base, weighs approximately 11,500 pounds.

27. One of the surfaces of the monument, as constructed, depicts the following:




(Dkt. 59-7 at 3).

28. The other large tablet side of the monument contains the text of the Bill of Rights in much smaller lettering than the text of the Ten Commandments.




(Dkt. 59-7 at 4).

29. One small side of the monument is as follows.



(Dkt. 59-7 at 4).

30. The other small side of the monument contains the text of the Preamble to the 1851 Indiana Constitution.




(Dkt. 59-7 at 6).

31. The Ten Commandments are derived from the Old Testament, Exodus 20: 2-17 and Deuteronomy 5: 6-21.

32. Jewish tradition maintains that God gave the Ten Commandment to Moses on Mt. Sinai.

33. The Ten Commandments are a religious document that is deemed to be sacred by many Christians and Jews.

34. However, there are at least three versions of the Ten Commandments: Jewish, Protestant and Catholic. Among other things, the Jewish version indicates that a person

may not "murder" and the Catholic version has no reference to a prohibition on graven images.

35. The Ten Commandments displayed on the monument is neither the Jewish nor Catholic version.

36. The original complaint in this case was filed before the monument was placed on the Statehouse lawn.

37. On July 28, 2000, this Court issued a preliminary injunction preventing the placement of the monument on the Statehouse lawn. 110 F. Supp. 2d 842 (S.D. Ind. 2000) (Dkt. 59-4). The Seventh Circuit affirmed the decision. 259 F.3d 766 (7th Cir. 2001), *cert. denied*, 534 U.S. 1162 (2002).

38. On April 24, 2002, this Court entered final judgment and a permanent injunction prohibiting the placement of the monument on the Statehouse. (Dkt. 59-6).

39. Following the preliminary injunction in this case the monument was briefly placed on public property in front of the Lawrence County Courthouse, but after separate litigation challenging that placement in 2000, it was moved to the property of a church in Bedford. It has remained in that location ever since.

40. Governor Braun has announced that he intends to move the monument from the church property where it has sat for more than two decades to the Statehouse.

41. The ACLU of Indiana is the Indiana affiliate of the American Civil Liberties Union and has as its purpose ensuring that the constitutional rights of Indiana residents are preserved and protected.

42. The ACLU of Indiana has more than 14,000 members. Of these, more than 3,000 reside in Marion County, Indiana, where Indianapolis is located.

43. A fundamental purpose of the ACLU of Indiana is to preserve religious liberty and to protect against violations of the Establishment Clause, a key provision of the First Amendment.

44. Because of the desire to preserve religious freedom, the ACLU of Indiana opposes government action that violates or threatens rights safeguarded by the Establishment Clause.

45. The ACLU of Indiana has among its members persons who regularly travel to or by the Statehouse in the course of their lives and therefore will be forced to come into direct and unwelcome contact with the monument if is placed on the grounds as it will be a state-sponsored religious display in violation of the principles of separation of church and state that are so important to the ACLU of Indiana and its members.

46. For these persons to alter their routines to avoid seeing the monument would impose an undue burden.

47. James A. Tanford is a retired law professor and past member of the Board of Directors of the ACLU of Indiana.

48. He is a frequent visitor to and by the Statehouse. Among other things, in the last year he has travelled to the Statehouse to hear an appeal argued. His stepfather created some of the stained glass in the Statehouse and he will go the building to admire the glass. Additionally, he regularly attends Indianapolis Colts games and will walk to the stadium down Capitol Avenue, past the Statehouse.

49. He strongly objects to the posting of the Ten Commandments since he believes that it represents the establishment of religion by the State of Indiana.

50. If the monument is displayed he will be forced to come into frequent direct and unwelcome contact with the monument in the course of his life as a citizen of the State of Indiana and to alter his routine to avoid viewing the monument would cause an undue burden.

51. Rev. Kevin Armstrong is a retired ordained United Methodist minister.

52. Rev. Armstrong lives in downtown Indianapolis and regularly travels by the Statehouse in the course of his normal activities.

53. Rev. Armstrong believes that the Ten Commandments are profoundly sacred. He believes that they should not be displayed on the grounds of the Statehouse as it is a religious document and such posting is an establishment of religion and religious belief by the State of Indiana. It is inappropriate for the State to put a monument with such a religious meaning on the grounds of the Statehouse.

54. Rev. Armstrong will therefore be forced to come into frequent, direct, and unwelcome contact with the Ten Commandments if the monument is allowed to be displayed on the grounds of the Statehouse. He would have to alter his routine to avoid viewing the monument and this would cause an undue burden.

55. Patrice Muumba Abduallah is an Indianapolis resident.

56. Mr. Abduallah frequently travels past the area where the defendant plans to post the Ten Commandments monument. He is recently retired and is active in his community and anticipates travelling to the Statehouse in the future to lobby and otherwise participate in the political process as a citizen of the State of Indiana.

57. Mr. Abduallah is Muslim and objects to the planned placement of the monument on the Statehouse lawn as it is a religious document that, among other things, excludes Islam.

58. He will therefore be forced to come into frequent, direct, and unwelcome contact with the Ten Commandments if it is posted as planned by the defendant. To avoid seeing the monument he would have to assume an undue burden.

59. The planned monument would be, as noted, a new monument on the lawn of the Statehouse.

60. There is no longstanding historical practice or tradition of posting the Ten Commandments on public property.

61. The ACLU of Indiana and individual plaintiffs believe that posting the Ten Commandments at the seat of government power and authority in Indiana will represent a religious statement by the State of Indiana and will represent the establishment of religion.

62. The ACLU of Indiana, its members, and the individual plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

63. At all times defendant has acted under color of state law.

**Claim for relief**

64. The planned Ten Commandments monument on the Statehouse grounds violates the Establishment Clause of the First Amendment to the United States Constitution as incorporated and made applicable to Indiana by the Fourteenth Amendment to the United States Constitution.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

a. accept jurisdiction of this cause and set for hearing at the earliest opportunity;

b. declare that defendant's planned placement of the Ten Commandments on the grounds of the Statehouse violates the United States Constitution for the reasons specified above;

c. enter a preliminary, to be followed by a permanent, injunction preventing the defendant from placing the Ten Commandments monument on the grounds of the Statehouse;

d. award plaintiffs their costs and reasonable attorneys' fees;

e. award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
Joshua T. Bleisch
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org
jbleisch@aclu-in.org

Attorneys for Plaintiffs