**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
10/06/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

STEPHEN MICHAEL SCHROEDER )
Pro-se Plaintiff )
)
V. ) No. 1:00-cv-00811-SEB-MKK
)
MIKE BRAUN, in his official capacity )
As the Governor of the State of Indiana, )
Defendant. )

# PLAINTIFF'S MOTION TO STRIKE TESTIMONY OF ACLU PLAINTIFF JAMES A. TANFORD

First, I would like to inform the Court that before proceeding with this filing, that I first contacted the ACLU Counsel for the Plaintiff's, Ken Falk, to advise him of my intent to have plaintiff Tanfords testimony stricken from the record and the procedural basis for striking his testimony offered in violation of Rule 26, and that I wanted to inform Counsel first to give them the opportunity to correct this matter before I would have to proceed to petitioning the Court myself. This communication was made to ensure proper protocol and to reciprocate the professionalism between Ken Falk and myself over the decades.

I would also like to clarify for the record, that this request to have Plaintiff Tanford's testimony stricken from the Record or dismissed as a Plaintiff is not in 'retaliation' against James A. Tanford, but rather because this Motion to Strike is the standard procedural phrase under Rule 12(f) and Rule 26/37 when testimony is improper and I do not hold it against plaintiff Tanford for his role at the ACLU as the president of the board, when Sheila S. Kennedy was the executive director of the ACLU, for their refusal to assist me in challenging the Statehouse Ten Commandment Monument, resulting in my having to use civil disobedience to compel the State into compliance of their own Constitutional laws, which as a

result I suffered great injury, me and my family, but I am a forgiving type of person and wanted to ensure the Court that my intention here is not revenge, but rather to ensure the integrity and accuracy of Indiana history especially in official Court documents. (Document 114-11, Page 15 of 136, Line 11-15). I would also like to ensure the Court that when I bring up the religious preference of plaintiff James A. Tanford, who is Catholic, it is not to disparage in any shape or form the Catholic faith, but to point out The plaintiffs hostility towards my Protestant faith by his defamation presented as sworn truth, and the only reason why I will bring it up is to point out the facts of the case, for example, that fact that this previous ACLU president, who is Catholic, had no interest what so ever in assisting me challenge the Indiana Statehouses Ten Commandment display when it was the Catholic version, but now that the States proposed Monument is the Protestants version he has no problem trying to challenge it, which to me is very revealing about the plaintiff's sincerity of his testimony and the real reason for his sudden opposition of a Statehouse Ten Commandment Monument.

And when I refer to this plaintiff as an 'expert witness' that is only because that is what this plaintiff has declared himself to be in his own deposition on page 5, line 25, "I'm often called as an 'Expert Witness' and on page 6, line 2, of Document 114-11 PageID#832, but I am aware that James Tanford is a plaintiff.

When going thru all the Depositions of the Expert Witnesses and Plaintiffs I found one Deposition in particular very troubling as it seems that this deposition was being used as an opportunity to interject false and defaming testimony into Indiana History about the character and intentions of Protestants in Indiana, concerning this Statehouse Monument, and I strongly object, and request that such false and defaming testimony be stricken from the record.

First, I would ask how the Court or anybody involved in this case, why would they accept any testimony from an Expert Witness concerning this Ten Commandment controversy, when that 'Expert' declares in his sworn Deposition, that there is no such thing as 'Ten Commandments'.

I am Catholic. (Page 32 of 136, Lines 13-14.) his sworn testimony is that the Ten Commandments are actually a 'Protestant Creed' (Page 40 of 136 Lines 09-10).

This plaintiffs expert testimony goes on to say that this 'Creed of Protestants' aka the Ten Commandments, especially the 2nd Commandment forbidding graven images -the version most annoying to Catholics (Line 16) has been used for centuries, by Protestants to 'Discriminate and Go After Catholics (Page 37 of 136, Lines 04-06). [Just for the record and speaking as an 'Expert Witness' on Protestant belief, as the Founder of the Protestant Separatist of Greater North America 1987, the reason why Protestants consider the 2nd Commandment vital, is NOT to use to 'go after' or 'discriminate' against Catholics, and there is no Indiana State History that reflects that claim, but to the contrary the reason why the 2nd Commandment is so important to us Protestants is that it is the only Commandment that includes a warning and the consequences for ignoring this law, and the fact that it was always these graven images of other gods that was responsible for a Nations downfall and the 3rd reason why the 2nd Commandment is so important is because in the final book of the Bible, the Revelation of St. John, it foretells of the Serpent or the Devil, once again tempting man with the final temptation…to disobey God's 2nd Commandment and to 'make the image' in exchange for power, wealth and great authority, and this image made in compliance with the Serpents mandate to violate the 2nd Commandment, an image that would have the ability to speak (See Apotheosis, the theology of the Serpent, that man can become equal to God…via disobedience to this specific Commandment) Thus if this 2nd Commandment was obeyed, then the vision of St. John of the death, destruction and apocalypse as a result could be prevented, and the vision of St. John would be the Revelation that Christ is God, instead of the final tragic ending that will occur if this image is allowed to speak to the lawmakers of Indiana and this Nation…that's why the 2nd Commandment is

important to us Protestants…not because it is something that we can justify our grievances against Rome, as we have plenty of other things to 'go after Rome for', like interfering in our elections and the Presidents foreign policy, especially our borders…so just so history is recorded properly, we know why Rome does not include the 2nd Commandment is because of their numerous violations of it, so history should also know why we Protestants stand for the 2nd Commandment is not a weapon to hate or divide, but because we love the law and know the consequences for ignoring it.]

Plaintiff and self-declared Expert Witness James A. Tanford then continued his opportunity to rewrite Indiana History via a sworn deposition, accusing the Protestants and their 'Creed' the Ten Commandments, as hatred against Catholics and the Black race. (Page 44, Lines 05-12) 'The history within Protestantism there is a variety of branches and sects (denominations) in there, some that are conservative and discriminatory and full of hate. I mean, the Klan marched with the cross. They called themselves warriors of Christ. They burned crosses. They claimed to be in the name of Protestant religion." Which is a lie, when you consider the pattern, or history of Protestants in America as the ones in opposition to slavery and racial hate…not the Catholics, and it is my opinion that the organization of the Klan, the promotion of the Klans racist views were for the purpose of defaming the Protestants character and history…but the facts reveal that it was Catholics like this Expert Witness who was the ones actually promoting and defending the KKK, as his own sworn testimony confirms that he began his career as a lawyer and attorney by 'arguing on behalf of the Klan.' (Page 16 of 136, Lines 21-22) And that he was expelled and suspended from school being accused of being a Klansman, because he claims that a couple of his classmates were Klansmen (which is odd for school kids)

and had been banned by the school for distribution of KKK recruiting material, and because he went to the school Principal to complain about the discriminating against the Klan, he was suspended from school. (Page 12 of 136)

In closing just let me clarify my objection to this testimony of this Expert Witness is not just his false claims of who was behind the KKK movement in Indianapolis, and the false claims that there is no such thing as Ten Commandments, and it's just a Protestant Creed used to attack Catholics and Blacks, what should disqualify this Expert Witness testimony is because he shouldn't even be considered a Witness let alone an expert witness in this Ten Commandment case, as he is disqualified by his own testimony, as he admitted to not knowing about the Statehouse Commandments location, and thought that the proposed Bedford Monument and the previous Monument at the Statehouse 'Was the same one' (Page48 of 136, Line 25) And to correct Amanda Salz, who was asking questions for the State, "I know that at least some people have characterized that they (the previous and the proposed )are different versions and some people have characterized the prior version to be Catholic." To be exact, it's not just 'some peoples' opinion, but rather State historic fact, as the State/Prosecutor in my sentencing trial declared that the Statehouse Ten Commandments was the correct version, as she herself was a Roman Catholic and knows the Ten Commandments…so the State needs to stop perpetuating the false claim that they submitted to the Federal Court last time, that the Statehouse Monument included the 2nd Commandment when it did not. You can't consider the testimony of an expert witness on the Ten Commandments when he did not know that there was a statue of Christopher Columbus standing to the North of the Commandments, nor did he know about the statue of Masonic George Washington standing just to the East of the Statehouse

Commandments, and did not know that there was Ten Commandment displays at the Supreme Court, and testified that people couldn't get in to see them as if the Supreme Court was public property and not open to the public. (Page 54 of 136, Lines05-19) So in closing, let the record show that this 'Expert Witness' testifying cannot be considered an expert on the Ten Commandments but is quite effective in defaming and lying about Protestants and falsely accusing them for what he has been himself has engaged in…the promotion and defense of the racist Klu Klux Klan ideology…and the misrepresentation of the very Ten Commandments that he claims isn't even a real thing…well except for being a hateful Protestant Creed.

Therefore I am requesting that the testimony of this plaintiffs expert witness be stricken from the record for its false statements, its defamation without evidence, and the basic fact that he has little to nothing to offer of value in his so called defense of the Permanent Injunction against the State. I don't normally assist the other side in legal matters, but in this case I am compelled to inform the State that they have just cause to strike his testimony as it helps neither side and only hinders the accuracy of historic record.

I now would respectfully request of the Court that the deposition and expert testimony of plaintiff James A. Tanford be removed from the Court record and remove plaintiffs standing in compliance with the law and the integrity of the Court and securing of truthful Indiana history.

Sincerely,

/s/

Stephen Michael Schroeder
Pro-se Plaintiff
112 S. Beatty St.
Columbus, IN 47201
317.427.3578
Protestantseparatist.ss@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I electronically filed the foregoing document using the Court's CM/ECF System and served it on all ECF-registered counsel.

James A. Barta, Solicitor General
Office of the Attorney General
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Email: James.Barta@atg.in.gov

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
Joshua T. Bleisch
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
kfalk@aclu-in.org
Attorney for Plaintiffs

John P. Lowrey
Deputy Solicitor General
Office of the Indiana Attorney General.
Igcs-5th floor, 302 W. Washington Street,
Indianapolis, IN 46204
John.lowrey@atg.in.gov

Moriah O'Hare
First Liberty Institute
1331 Penn. Ave. NW, Ste 1410
Washington, DC 20004
mohare@firstliberty.org

All ECF-registered counsel of record via CM/ECF